CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 8 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JOSEPH L. MCDANIEL,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 6:04-CV-00067<br>) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>Defendant. | ) By: Michael F. Urbanski<br>) United States Magistrate Judge<br>) |

## MEMORANDUM OPINION

This social security appeal is before the court on a motion to supplement the record filed by plaintiff Joseph L. McDaniel and cross motions for summary judgment filed by plaintiff and defendant Joanne B. Barnhart, Commissioner of Social Security.

Upon consideration of the record, and after briefing and oral argument, it is clear that this case should be remanded for further administrative consideration under sentence six of 42 U.S.C. § 405(g).

Plaintiff is a fifty one year-old mechanic who completed the ninth grade and has a GED. (Administrative Record, hereinafter "R.", at 351.) Plaintiff seeks SSI benefits stemming from an automobile accident on January 26, 1999. Plaintiff filed a prior application for SSI benefits, but based on the medical evidence from his treating neurosurgeons, Drs. McCrary and Jane, the ALJ found that plaintiff could perform a significant range of light and sedentary work. (R. 156-66) The ALJ's April 10, 2000 decision became the final decision of the Commissioner when the Appeals Council denied review. (R. 19)

Plaintiff then filed a new application for SSI benefits on May 30, 2000, which is the subject of this appeal. (R. 197-99) After the claim was denied initially and upon reconsideration, an Administrative hearing was held before an Administrative Law Judge on February 24, 2003. (R. 382-401) Following the hearing, the ALJ issued a decision finding that plaintiff was not disabled, concluding that he could perform a significant range of light and sedentary work in the national economy. (R. 16-28) Following a denial of review by the Appeals Council, this case became subject to judicial review under 42 U.S.C. § 405(g). (R. 7-9, 14-15)

In connection with its denial of review, the Appeals Council accepted certain additional evidence into the record, (R. 10), but found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 7-8) The additional evidence consisted of medical records from 2003 regarding treatment at the UVA Health System and a 2003 questionnaire containing a disability opinion from a new treating physician, Dr. Michael Volk, M.D. (R. 320-345)

After filing suit, plaintiff filed a motion to supplement the record to include certain materials that were sent to the Appeals Council prior to its denial of review, but were neither considered nor made a part of the record by the Appeals Council. On July 8, 2004, plaintiff's counsel sent to the Appeals Council two new medical evaluations of plaintiff which were not considered by the ALJ. In these evaluations, Drs. Voss and Volk of the UVA Health System each opined that plaintiff was unable to work. On their face, these medical evaluations state that they are based on examinations and each contain findings by these doctors as to work-related limitations. The Appeals Council's denial of review was not issued until October 28, 2004, more

2

than three months after these new evaluations were submitted, but the Commissioner has provided no explanation for the Appeals Council's failure to consider this evidence or include it in the administrative record.

A district court may remand a social security case on the basis of newly discovered evidence, a "sentence six" remand, when plaintiff satisfies four prerequisites. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). First, the evidence must be "new." Id. (holding "new" evidence is "'relevant to the determination of disability at the time the application was first filed and not merely cumulative'") (quoting Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). Second, it must be "material to the extent that the Secretary's decision might reasonably have been different had the new evidence been before her." Id. Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary." Id. Fourth, the claimant must make "'at least a general showing of the nature' of the new evidence." Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).

The evidence submitted to the Appeals Council in this case, but apparently not considered by it, meets the test under Borders. Clearly, the two medical evaluations are new and not cumulative as the ALJ did not have any such opinions before him when he made his decision. Second, these two evaluations are material in that the Commissioner's decision might reasonably have been different had this evidence been considered and made part of the record. While the Commissioner argues that a remand to consider these evaluations is not necessary because they are "void of any treatment notes or narratives," (Commissioner's Brief in Support of Summary Judgment at 14), that characterization is not precisely accurate as both evaluations contain specific findings as to plaintiff's work-related limitations and state that they are based on

3

examinations. In addition, there can be no suggestion of any failure on plaintiff's part to submit this evidence to the Commissioner, as it appears that they were sent to the Appeals Council on July 8, 2004, but simply never considered. Finally, the nature of the new evidence is self evident from the medical evaluations themselves.

As a result, this case is remanded to the Commissioner under the sixth sentence of 42 U.S.C. § 405(g) to consider the new evidence sent to the Appeals Council in July, 2004, but neither considered by it nor included in the administrative record.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

**ENTER:** This 28 day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE